PROB 12B
(7/93)

# United States District Court

for the

## Eastern District of New York

Request for Modifying the Conditions or Term of Supervision
with Consent of the Offender
*(Probation Form 49, Waiver of Hearing is Attached)*

Name of Offender: **Lamont Beasley**  Case Number **05-CR-676**

Name of Sentencing Judicial Officer: **The Honorable Thomas J. McAvoy, U.S. District Judge, Northern District of New York. Jurisdiction transferred to The Honorable Dora L. Irizarry, U.S. District Judge, Eastern District of New York**

Date of Original Sentence: **March 12, 1999**

Original Offense: **Conspiracy to Distribute and Possess with Intent to Distribute Cocaine and Cocaine Base, in violation of 21 U.S.C. 846 and 841(a)(1)**

Original Sentence: **Seventy Months Custody; Five Years Supervised Release**

Type of Supervision: **Supervised Release**  Date Supervision Commenced: **May 1, 2003**

## PETITIONING THE COURT

☐ To extend the term of supervision for years, for a total term of years.

☒ To modify the conditions of supervision as follows:

**The defendant shall participate in the Home Confinement Program for a period of 60 days, commencing on a date to be determined by the Probation Department. During that time, the defendant will wear an electronic monitoring device, follow electronic monitoring procedures and if so able, pay the costs of monitoring at the prevailing rate. The defendant will remain at his place of residence except for employment and other activities approved in advance according to a schedule to be specified by the Probation Department.**

Request for Modifying the  
Conditions or Terms of Supervision  
with Consent of the Offender

Prob 12B / Page 2

## CAUSE

As background, our office previously notified the Northern District of New York of the offender's arrest on May 3, 2005, for Criminal Possession of a Controlled Substance in the third degree, Narcotic Drug with Intent to Sell, NYSPL 220.16, a class B felony; and Criminal Sale of a Controlled Substance in the fifth degree, NYSPL 220.31, a class D felony. The Honorable Thomas J. McAvoy concurred with our recommendation to transfer jurisdiction to this district to effectively address this violation. This case is proceeding to trial on April 25, 2006, in Kings County Supreme Court. Once a disposition has been received, we will subsequently prepare a Violation of Supervised Release Report outlining his alleged criminal conduct.

During the period when jurisdiction was being transferred, the offender sustained another arrest on July 15, 2005, wherein he was again charged with Criminal Sale of a Controlled Substance in the third degree. An arrest report indicates the offender was alleged to have made hand-to-hand contact with an individual who possessed narcotics ultimately sold to the undercover officer. Three other individuals arrested with the offender all possess extensive criminal felony histories, of which, he claims to have been aware of. He was released on recognizance, and the charges were dismissed on September 1, 2005.

Additionally, a vehicle being driven by the offender on April 4, 2006, was stopped by offices of the NYPD 75th Precinct Street Narcotics Unit. The offender was in possession of $4,000, and his friend was in possession of a bag containing $21,000 cash. At the time, they could not provide an adequate explanation for having this large sum of money. It is noted the offender's friend also has an extensive felony history, and was a co-defendant with him in a prior felony assault conviction from 1991. Although we have not been provided with any further information, we intend to closely monitor the status of their investigation, and will immediately notify Your Honor of these results.

The offender has failed to maintain suitable employment throughout most of his term of supervised release, and has not demonstrated significant efforts toward doing so. Numerous home contacts have been attempted, mostly to no avail, and his daily activities have generally been unaccounted for. The Probation Department believes that participation in a Home Confinement program will serve as an appropriate temporary sanction for his continued unemployment and association with convicted felons with respect to the July 15, 2005 arrest. He has consented to the imposition of a special condition requiring him to serve 60 days in a Home Confinement program (see attached Probation Form 49).

Respectfully submitted by:

Richard S. Koury  
U.S. Probation Officer  
Date: April 14, 2006

Approved by:

Eileen Kelly  
Sr. Deputy Chief U.S. Probation Officer  
Date:

THE COURT ORDERS:

☐ No Action  
☒ The Modification of Conditions as Noted Above And  
☒ Other – Defendant shall not associate with convicted felons either inside or outside his home, and shall immediately seek lawful employment.

DLI

Signature of Judicial Officer U.S.D.J. EDNY  
April 18, 2006  
Date

PROB 49

Waiver of Hearing to Modify Conditions
of Probation/Supervised Release or Extend Term of Supervision

# UNITED STATES DISTRICT COURT
## for the
# EASTERN DISTRICT OF NEW YORK

I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release or my period of supervision being extended. By 'assistance of counsel', I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the Court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Probation and Supervised Release or to the proposed extension of my term of supervision:

**The defendant shall participate in the Home Confinement Program for a period of 60 days, commencing on a date to be determined by the Probation Department. During that time, the defendant will wear an electronic monitoring device, follow electronic monitoring procedures and if so able, pay the costs of monitoring at the prevailing rate. The defendant will remain at his place of residence except for employment and other activities approved in advance according to a schedule to be specified by the Probation Department.**

Witness: _____  Signed: _____
U.S. Probation Officer                               Probationer or Supervised Releasee

4/13/06
DATE

PROB 12B
(7/93)

# United States District Court

## for the

## Eastern District of New York

### Request for Modifying the Conditions or Term of Supervision
### with Consent of the Offender
*(Probation Form 49, Waiver of Hearing is Attached)*

Name of Offender: **Lamont Beasley**          Case Number **05-CR-676**

Name of Sentencing Judicial Officer: **The Honorable Thomas J. McAvoy, U.S. District Judge, Northern District of New York. Jurisdiction transferred to The Honorable Dora L. Irizarry, U.S. District Judge, Eastern District of New York**

Date of Original Sentence: **March 12, 1999**

Original Offense: **Conspiracy to Distribute and Possess with Intent to Distribute Cocaine and Cocaine Base, in violation of 21 U.S.C. 846 and 841(a)(1)**

Original Sentence: **Seventy Months Custody; Five Years Supervised Release**

Type of Supervision: **Supervised Release**      Date Supervision Commenced: **May 1, 2003**

---

## PETITIONING THE COURT

☐    To extend the term of supervision for years, for a total term of years.

☒    To modify the conditions of supervision as follows:

> The defendant shall participate in the Home Confinement Program for a period of 60 days, commencing on a date to be determined by the Probation Department. During that time, the defendant will wear an electronic monitoring device, follow electronic monitoring procedures and if so able, pay the costs of monitoring at the prevailing rate. The defendant will remain at his place of residence except for employment and other activities approved in advance according to a schedule to be specified by the Probation Department.

Request for Modifying the  
Conditions or Terms of Supervision  
with Consent of the Offender

Prob 12B / Page 2

## CAUSE

As background, our office previously notified the Northern District of New York of the offender's arrest on May 3, 2005, for Criminal Possession of a Controlled Substance in the third degree, Narcotic Drug with Intent to Sell, NYSPL 220.16, a class B felony; and Criminal Sale of a Controlled Substance in the fifth degree, NYSPL 220.31, a class D felony. The Honorable Thomas J. McAvoy concurred with our recommendation to transfer jurisdiction to this district to effectively address this violation. This case is proceeding to trial on April 25, 2006, in Kings County Supreme Court. Once a disposition has been received, we will subsequently prepare a Violation of Supervised Release Report outlining his alleged criminal conduct.

During the period when jurisdiction was being transferred, the offender sustained another arrest on July 15, 2005, wherein he was again charged with Criminal Sale of a Controlled Substance in the third degree. An arrest report indicates the offender was alleged to have made hand-to-hand contact with an individual who possessed narcotics ultimately sold to the undercover officer. Three other individuals arrested with the offender all possess extensive criminal felony histories, of which, he claims to have been aware of. He was released on recognizance, and the charges were dismissed on September 1, 2005.

Additionally, a vehicle being driven by the offender on April 4, 2006, was stopped by offices of the NYPD 75th Precinct Street Narcotics Unit. The offender was in possession of $4,000, and his friend was in possession of a bag containing $21,000 cash. At the time, they could not provide an adequate explanation for having this large sum of money. It is noted the offender's friend also has an extensive felony history, and was a co-defendant with him in a prior felony assault conviction from 1991. Although we have not been provided with any further information, we intend to closely monitor the status of their investigation, and will immediately notify Your Honor of these results.

The offender has failed to maintain suitable employment throughout most of his term of supervised release, and has not demonstrated significant efforts toward doing so. Numerous home contacts have been attempted, mostly to no avail, and his daily activities have generally been unaccounted for. The Probation Department believes that participation in a Home Confinement program will serve as an appropriate temporary sanction for his continued unemployment and association with convicted felons with respect to the July 15, 2005 arrest. He has consented to the imposition of a special condition requiring him to serve 60 days in a Home Confinement program (see attached Probation Form 49).

Respectfully submitted by:

Richard S. Koury  
U.S. Probation Officer  
Date: April 14, 2006

Approved by:

Eileen Kelly  
Sr. Deputy Chief U.S. Probation Officer  
Date:

THE COURT ORDERS:
☐ No Action  
☐ The Modification of Conditions as Noted Above  
☐ Other

_____  
Signature of Judicial Officer

_____  
Date

# United States District Court

## for the

## Eastern District of New York

Request for Modifying the Conditions or Term of Supervision
with Consent of the Offender
*(Probation Form 49, Waiver of Hearing is Attached)*

Name of Offender: **Lamont Beasley**            Case Number **05-CR-676**

Name of Sentencing Judicial Officer: **The Honorable Thomas J. McAvoy, U.S. District Judge, Northern District of New York. Jurisdiction transferred to The Honorable Dora L. Irizarry, U.S. District Judge, Eastern District of New York**

Date of Original Sentence: **March 12, 1999**

Original Offense: **Conspiracy to Distribute and Possess with Intent to Distribute Cocaine and Cocaine Base, in violation of 21 U.S.C. 846 and 841(a)(1)**

Original Sentence: **Seventy Months Custody; Five Years Supervised Release**

Type of Supervision: **Supervised Release**      Date Supervision Commenced: **May 1, 2003**

## PETITIONING THE COURT

☐ To extend the term of supervision for years, for a total term of years.

☒ To modify the conditions of supervision as follows:

The defendant shall participate in the Home Confinement Program for a period of 60 days, commencing on a date to be determined by the Probation Department. During that time, the defendant will wear an electronic monitoring device, follow electronic monitoring procedures and if so able, pay the costs of monitoring at the prevailing rate. The defendant will remain at his place of residence except for employment and other activities approved in advance according to a schedule to be specified by the Probation Department.

Request for Modifying the
Conditions or Terms of Supervision
with Consent of the Offender

## CAUSE

As background, our office previously notified the Northern District of New York of the offender's arrest on May 3, 2005, for Criminal Possession of a Controlled Substance in the third degree, Narcotic Drug with Intent to Sell, NYSPL 220.16, a class B felony; and Criminal Sale of a Controlled Substance in the fifth degree, NYSPL 220.31, a class D felony. The Honorable Thomas J. McAvoy concurred with our recommendation to transfer jurisdiction to this district to effectively address this violation. This case is proceeding to trial on April 25, 2006, in Kings County Supreme Court. Once a disposition has been received, we will subsequently prepare a Violation of Supervised Release Report outlining his alleged criminal conduct.

During the period when jurisdiction was being transferred, the offender sustained another arrest on July 15, 2005, wherein he was again charged with Criminal Sale of a Controlled Substance in the third degree. An arrest report indicates the offender was alleged to have made hand-to-hand contact with an individual who possessed narcotics ultimately sold to the undercover officer. Three other individuals arrested with the offender all possess extensive criminal felony histories, of which, he claims to have been aware of. He was released on recognizance, and the charges were dismissed on September 1, 2005.

Additionally, a vehicle being driven by the offender on April 4, 2006, was stopped by offices of the NYPD 75th Precinct Street Narcotics Unit. The offender was in possession of $4,000, and his friend was in possession of a bag containing $21,000 cash. At the time, they could not provide an adequate explanation for having this large sum of money. It is noted the offender's friend also has an extensive felony history, and was a co-defendant with him in a prior felony assault conviction from 1991. Although we have not been provided with any further information, we intend to closely monitor the status of their investigation, and will immediately notify Your Honor of these results.

The offender has failed to maintain suitable employment throughout most of his term of supervised release, and has not demonstrated significant efforts toward doing so. Numerous home contacts have been attempted, mostly to no avail, and his daily activities have generally been unaccounted for. The Probation Department believes that participation in a Home Confinement program will serve as an appropriate temporary sanction for his continued unemployment and association with convicted felons with respect to the July 15, 2005 arrest. He has consented to the imposition of a special condition requiring him to serve 60 days in a Home Confinement program (see attached Probation Form 49).

Respectfully submitted by:

Richard S. Koury
U.S. Probation Officer
Date: April 14, 2006

Approved by:

Eileen Kelly
Sr. Deputy Chief U.S. Probation Officer
Date:

THE COURT ORDERS:
☐ No Action
☐ The Modification of Conditions as Noted Above
☐ Other

_____
Signature of Judicial Officer

_____
Date